UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Sharon Marie Chester, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FRANKLIN SQUARE RENTALS )<br> and FRANK N. ARENA, JR. )<br>    Defendants. ) | Civil Action No.:  16-13471 |

# COMPLAINT

Plaintiff, SHARON MARIE CHESTER ("Plaintiff"), through Plaintiff's attorney, VARADI, HAIR & CHECKI, LLC, alleges the following against Defendants, FRANK N ARENA, JR. and FRANKLIN SQUARE RENTALS, ("Defendant"):

## I. JURISDICTION AND VENUE

1. This is an action for legal and equitable relief to redress discrimination in housing and employment on the basis of race.  This action arises under the Civil Rights Act of 1866, 42 U.S.C. § 1981 and 1982; and Louisiana state law.

2. The Court has jurisdiction of the subject of this action pursuant to U.S.C. § 1331, 1343(a)(4), 2201, & 2202. Jurisdiction over plaintiffs' claims based on Louisiana law exist under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

3. Venue and personal jurisdiction in this Court is proper under 28 U.S.C. §1391 because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## II. PARTIES

1. Plaintiff, Sharon Marie Chester (hereinafter referred to as "Chester"), is a Caucasian citizen of the United States of America. Chester resides in Arabi, Louisiana, which is in this judicial district and division.

2. Plaintiff is a former tenant of Franklin Square Rentals at 3101 Jean Lafitte, Suite A, Chalmette, LA, which is in this judicial district and division.

3. Defendant, Frank N. Arena, Jr., (hereinafter referred to as "Arena"), operates Defendant Franklin Square Rentals, a commercial real estate company based in Chalmette, LA, which does business in this judicial district and division. Both Defendants are included in this action because Frank N. Arena, Jr. had checks written to him personally and operated Franklin Square Rentals as his alter ego.

## III. FACTUAL ALLEGATIONS

4. Plaintiff is a Caucasian female who operates a private practice as a healthcare provider, as well a grassroots organizer and board approved clinical supervisor. Plaintiff is a healthcare provider on dozens of health insurance company panels.

5. Plaintiff especially caters to the African-American community, who make up thirty (30) % of her clientele.

6. For two years, Plaintiff leased commercial space with Defendant Arena, through Franklin Square Rentals.

7. Plaintiff and Defendant did not have a written lease. Plaintiff inquired about a

written lease prior to setting up her business in Defendant's space two years ago, but Defendants declined, stating they never uses leases.

8. Plaintiff originally displayed a confederate flag with a slash in Plaintiff's space.

9. In response to the display, Defendant Arena voiced concern and requested that Plaintiff display sign in the back of her office.

10. Plaintiff removed sign and replaced it with a banner, upon which "Eracism – All Colors with Love and Respect" was written.

11. In response, Defendant Arena confronted Plaintiff, speaking about lynching, and stating, "I thought about it and I have to worry about my other tenants. Black people can't read and are going to confuse that for being pro racism. They could firebomb my building."

12. Defendant Arena demanded Plaintiff remove the banner, and sign a lease stating she would purchase $500,000 in firebomb insurance.

13. Plaintiff instead purchased $1,000,000 in firebomb insurance.

14. Then, Defendants presented Plaintiff with a lease that required $1,000,000 in firebomb insurance and required that Plaintiff would not hang any banners with Defendants' explicit permission and would never again hang the banner in question.

15. Defendant Arena contacted the Louisiana Housing Corporation to state that he forbids the specific hanging of the ERACISM banner and that he would not allow Plaintiff to hang any other signs.

16. Other clients in the building, including the NRA, are allowed to hang signs in their

commercial spaces.

17. Plaintiff was the only client in the building with whom Defendant Arena insisted on having a lease.

18. Plaintiff purchased the $1 million policy for firebomb insurance, and issued proof of purchase to Defendant Arena, however, Plaintiff refused to remove the banner, stating that supporting her clientele is a characteristic of her profession.

19. When Plaintiff attempted to pay rent, she was confronted by Defendant Arena's son, who was acting on behalf of the Defendants. He refused Plaintiff's payment and accosted her until she left the property.

20. The behavior of Defendants toward Plaintiff constitutes a forced eviction.

21. Plaintiff posted a note to Defendant Arena on Facebook, upsetting Defendant Arena's son.

22. Defendant Arena's response via social media was inciteful, resulting in the stalking of Plaintiff by those associated with Defendant, as well as the forceful removal of a Black Lives Matter sign displayed in Plaintiff's commercial space.

23. In addition to the expense of a sudden and unplanned move, Plaintiff continues to pay an extra $100 per month for a replacement commercial space, plus utilities.

24. Plaintiff has lost both present and future clientele, suffered damage to her reputation, as many wish to no longer associate with her as a result of these events. Additionally, these events have caused her to be fearful for her safety and caused severe emotional distress and mental anguish.

## IV. COUNT ONE – 42 U.S.C. § 1981

25. Plaintiff adopts and re-alleges paragraphs 1 – 24, as if fully set forth herein.

26. At all times reference above, Defendant Arena, was acting within the line and scope of his duties as an agent of Defendant Franklin Square Rentals.

27. The forced eviction of Plaintiff from the property as described above was based upon the Plaintiff's affiliation with African-Americans.

28. The conduct of the Defendants violated the Plaintiff's rights guaranteed by the Civil Rights Act of 1866, 42 U.S.C. § 1981, to make and enforce contracts without regard to race.

## COUNT TWO – SECTION 1982

29. Plaintiff adopts and re-alleges paragraphs 1-24, as if fully set forth herein.

30. At all time referenced above, Defendant Arena was acting within the line and scope of his duties as an agent of Defendant Franklin Square Rentals.

31. The forced eviction of Plaintiff from the property as described above was based upon the Plaintiff's affiliation with African-Americans.

32. The above-described conduct of Defendant Arena violated Plaintiff's rights guaranteed by the Civil Rights Act of 1866, 42 U.S.C. § 1982, to purchase, lease and to hold real and personal property without regard to race.

33. Plaintiff requests a trial by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court will grant the following relief:

A. Issue a declaratory judgment declaring that the wrongs complained of herein violate the rights of Plaintiffs guaranteed by the Civil Rights Act of 1866, 42 U.S.C. § 1981 and 1982.

B. Enter a permanent injunction or other injunctive relief enjoining Defendants and those acting in concert or cooperation with them from maintaining or continuing any customs, policies, patterns, practices, or actions which operate to discriminate on the basis of race or color.

C. Enter a permanent injunction or other injunctive relief enjoining the Defendants to take such other and affirmative steps to insure that all of the provisions of the applicable anti-discrimination laws are and will be complied with and that the effects of past and unlawful discrimination by Defendants are eradicated.

D. Award Plaintiff compensatory and punitive damages, including pre judgment interest.

E. Retain jurisdiction of this action for a sufficient time to ensure full compliance with the remedial decree requested herein.

F. Award Plaintiffs their costs incurred in this case, together with reasonable attorneys' fees and pre-judgment interest, pursuant to 42 U.S.C. §1 1988 and 361 3(c)(2).

G. Grant such additional and further relief as the court may deem just and equitable under the circumstances.

DATED:  August 1, 2016                                  RESPECTFULLY SUBMITTED,

*/s/* Galen M. Hair
Galen M. Hair, Bar No. 32865, T.A.
**Varadi, Hair & Checki, LLC**
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
T: (504) 684-5200
F: (504) 613-6351

**Summons to be submitted at a later date**