```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
```

**SHARON MARIE CHESTER**                                **CIVIL ACTION**

**VERSUS**                                              **NO. 16-13471**

**FRANKLIN SQUARE RENTALS**
**AND FRANK N. ARENA, JR.**                             **SECTION "B"(3)**

## ORDER AND REASONS

Before the court is Defendants', Frank N. Arena Jr., and Franklin Square Rentals, "Motion for Summary Judgement" (Rec. Doc. 7) as well as Plaintiff's, Sharon Marie Chester, "Memorandum in Opposition to Defendants' Motion for Summary Judgement" (Rec. Doc. 18), Defendants' "Reply Memorandum in Support of Summary Judgement" (Rec. Doc. 23) and "Plaintiff's Sur-Reply to Reply Memorandum in Support of Motion for Summary Judgement" (Rec. Doc. 26). For the reasons set forth below, **IT IS ORDERED** that the Defendants' Motion for Summary Judgement is **GRANTED**.

The undisputed facts are as follows. Plaintiff, Sharon Marie Chester, is a Caucasian female (Rec. Doc. 7-1 and Rec. Doc. 18-1). Defendant, Frank N. Arena Jr., is a Caucasian male (Rec. Doc. 7-1 and Rec. Doc. 18-1). Ms. Chester alleges that Mr. Arena discriminated against her because she affiliated with African Americans (Rec. Doc. 7-1 and Rec. Doc. 18-1). Ms. Chester does not claim to be a member of a racial minority or

1

that she was discriminated against, on the basis of her race, by a non-Caucasian majority. (Rec. Doc. 7-1 and Rec. Doc. 18-1).

Mr. Arena posted a Notice to Vacate the subject property, on August 10, 2015, providing Ms. Chester a five-day period to vacate the subject property. (Rec. Doc. 7-1 and Rec. Doc. 18-1). Ms. Chester alleges that her "forced eviction" constituted discrimination stemming from affiliation with African-Americans (Rec. Doc. 7-1 and Rec. Doc. 18-1).

Defendants argue that Ms. Chester's claims of racial discrimination under 42 U.S.C. 1981 and 1982 lack factual and legal merit. Defendants argue that there are no genuine issues of material fact to dispute and that Ms. Chester cannot maintain a cause of action for racial discrimination. Defendants also argue that there are no genuine issues of material fact to dispute that Ms. Chester cannot maintain a cause of action for "forced eviction."

Plaintiff argues that summary judgement is improper because there is precedent allowing for Caucasians who have been discriminated against due to their association with minorities to bring claims under 42 U.S.C. 1981 and 1982. Plaintiff also argues that there are genuine issues of disputed fact in regards to the forced eviction. Additionally, Plaintiff argues that the Defendants' motion for summary judgement is premature under Rule

56 (d) and that the Plaintiff should be given more time for discovery.

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits,

depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

In order to establish a prima facie case under §§ 1981 and 1982, a plaintiff must show: "(1) that he is a racial minority; (2) that the defendant intended to discriminate against him on the basis of race; and (3) that the discrimination concerns one or more of the activities enumerated in the statute." *Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011); *Powell v. Zurich Am. Ins. Co.*, Case No.16-60078, 2016 U.S. App. LEXIS 11529, at*11 (5th Cir. June 23, 2016).

Ms. Chester is a Caucasian woman suing a Caucasian male for racial discrimination. Ms. Chester is not alleging that she was discriminated against, based on her Caucasian race, by a non-Caucasian majority. The factual pattern described in the complaint does not establish a prima facie case for a racial discrimination claim under 42 U.S.C. §§ 1981 and 1982. Ms. Chester argues that there is precedent for Caucasian individuals to bring claims under these sections if they have been discriminated against due to their association with minorities. However, the cases that the Plaintiff cites are inapposite. *Alizadeh v. Safeway Stores Inc.*, 802 F.2d 111, 114 (5th Cir. 1986); *Faraca v. Clements*, 506 F.2d 956 (5th Cir. 1975); *Winston v. Lear-Siegler, Inc.*, 558 F.2d 1266, 1270 (6th Cir. 1977).

*Alizadeh* and *Faraca* both involve employment discrimination against a person on the basis of their non-white spouse. *Alizadeh v. Safeway Stores Inc.*, 802 F.2d at 114; Faraca, 506 F.2d 956,958 *(5th Cir.), cert. denied,* 422 U.S. 1006, 95 S.Ct. 2627, 45 L.Ed.2d 669 (1975). *Winston*, also an employment case, involved a white person who brought a claim because he defended a black co-worker and then suffered adverse employment consequences as a result. *Winston*, 558 F.2d at 1270. These relationships are significantly more intimate than the factual scenarios in this case. Even under these lines of cases the

5

Plaintiff would not be able to meet a prima facie standard for racial discrimination.

According to the complaint Ms. Chester operates a private practice as a healthcare provider (Rec. Doc. 1). Ms. Chester's association with African Americans is based upon the fact that she alleges that about 30% of her clients are African Americans and she placed signs on the leased property with messaging that African Americans might find racially supportive (Rec. Doc. 1). These facts alone are not sufficient for Ms. Chester to bring a racial discrimination claim based on associating with minorities. Ms. Chester does not claim that her clients asked her to put up the signage to commemorate their shared racial camaraderie. Ms. Chester also does not claim that her association with African Americans goes beyond their seemingly coincidental patronage of her business. Ms. Chester does not claim she specifically reaches out to African Americans as clients or has racial programming that would draw them to her business. Even though the signs Ms. Chester posted in her leased property do involve racial themes that African American could find arguably positive, merely posting signs on a property is not enough. There is no indication that the signage influenced the Plaintiff's relationship with her African-American clients or reflected a particular relationship. The Plaintiff's actions

do not create the level of association contemplated in the cases cited.

As a Caucasian, under these alleged facts and clear statutory authority, Ms. Chester cannot successfully establish the first prong of a racial discrimination claim under 42 U.S.C. §§ 1981 and 1982 against another Caucasian defendant. Nor, can Ms. Chester, as a Caucasian who runs a business that happens to be frequented by African Americans, establish a prima facie case under the statutes. As a result this Court need not consider the other two elements in the Prima Facie case for racial discrimination or the state law wrongful eviction claim. Given that there is not a genuine dispute as to a material fact, the Defendants' motion for summary judgement on federal based claim is appropriate[1]. However, this does not foreclose Plaintiff's right to seek relief for state based claims, if any. In that regards, and since federal causes of action are now resolved, we decline supplemental jurisdiction of any state law claims.

---

[1] Discovery will not reveal any facts that will impact the Court's determination that the Plaintiff cannot state a prima facie case for racial discrimination under clear statutory authority and therefore this summary judgement motion is not premature under Rule 56 (d).

7

For the reasons set forth above, **IT IS ORDERED** that the Defendants' Motion for Summary Judgement is **GRANTED**.

New Orleans, Louisiana, this 1st day of November, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE